All right our next case for this morning is United States against Ware 2032-64 and we should have and appear to have Mr. Henderson and Mr. Keenstra. So Mr. Henderson. Thank you Your Honor. May it please the court. My name is Peter Henderson. I represent Adam Ware in this case. The chief problem with the case is that there is no substantial basis between what the officer alleges has happened and the house. There's no substantial basis to believe that Mr. Ware's home contains cocaine. The affidavit puts forth two bases to believe. One is a conclusory statement by the officer that he thinks there will be more cocaine there and the other is a confidential informant from seven months ago that we know nothing about saying that he's he's seen drugs in that house. Apart from that there's no there's no direct link to the drugs in the house. The government's best evidence here is of course there was a traffic stop and Mr. Ware was found in possession of four grams of cocaine and about $1,100. But there's nothing to link that to the officer's belief that more of the stuff is going to be found in Mr. Ware's home. So Mr. Henderson, I'm looking at pages 10 and 11 of the district court's opinion. This is he's already said that the eight-month-old tip is threadbare and and so on but in the Leon analysis he's describing this apparent drug transaction elsewhere they stopped the car they find a little bit of cocaine and cash they could have thought it was a drug deal and then he says and the activity of touching base at 1103 South Warren could seem to a reasonable officer to allow for the conclusion defendant was storing his cocaine there. There are a lot of cases where police officers say you know my experience with drug traders is that they use their home at least for some of their storage purposes. Given the Leon lens why is that not enough? Well I have no doubt that the officer believed that he had probable cause. I'm quite certain that he was confident it was a drug deal. I'm certain that he was confident that Mr. Ware was a drug dealer and he'd find find evidence of that. The problem is that the officer didn't appreciate that he needs to explain that to the magistrate. It's not the officer's call to make. He needs to provide the details that might support probable cause to the magistrate because what's left unsaid in this affidavit is anything that would permit an independent party to make those sorts of determinations. So compare this to for example when we have questions about whether an officer had probable cause to detain somebody and it comes in the court. We have an evidentiary hearing and the district judge has to determine all right do I credit this evidence do I not credit this evidence. At that point the officer can explain here's here's what we usually see. Here's why I thought that we had probable cause. Those are the sorts of details that permit a finding of probable cause by an independent party. But when those details are left totally absent from an affidavit it's not permissible for a magistrate to fill in those dots for the officer and Officer Lane should have known that. This has been the subject of numerous critiques by appellate courts in the past for precisely these types of issues providing informant information that's not corroborated not providing enough details to permit the magistrate to make the determination. Simply assuming that because we have probable cause to arrest based on a traffic stop means that we can get into the house. Um it's Leon certainly is a high threshold. Um there's no doubt about that. But I the problem is not so much in could the officer have thought this this was probable cause but that the officer act reasonably when he didn't disclose any of the links that would establish probable cause to the magistrate. Um that that really is I guess I mean really reveal something about Leon in some ways because we have the underlying affidavit. The state judge thinks it's enough issues the warrant. Now the police are executing the warrant. They don't necessarily have to go back and reread the affidavit. They have a warrant that a state judge or it could be a magistrate judge. Somebody has issued and the act itself of going after of getting a warrant we all know is is a point in the column of good faith. Um I don't disagree that this affidavit looks flawed that it could have said lots more should have said lots more. But um when we think of the purpose of the exclusionary rule, what are we I think we're I mean the purpose of course of the exclusionary role is to deter misconduct and promote um good good police work. Um And the problem in this case is that the police officer did not provide the magistrate with the details that the magistrate needs to find probable cause. In other words, and you have to be saying that was so patent on this on the face of the warrant that no police officer executing that warrant could have thought that it was sufficient. No, no police officer in in Officer Lane's position. So an officer who who already has been told um look, you need to provide details in these affidavits because magistrates, are you slipping from the objective into the subjective realm in this argument? No, I'm not trying to get into Officer Lane's mind. Um you know, as as the Supreme Court has put it, it's a totality of the circumstances question and we have to look a particular officer's training and experience is going to be relevant. You know, you think for example of um when when deterrence is needed in for lawyer discipline, right? Somebody falsely certifies that they've they've complied with circuit rule 30. Maybe the first time there is some confusion, they don't get sanctioned. But if they've been told two or three times before and they continue to flood the rules at that point, we need a more deterrent effect than simply a criticism from an appellate court. So I think it is relevant, but this isn't a subjective question. There's we don't know what's in Blaine's mind. We don't know if he's actually relying on the warrant. I mean, for all you know, he may have said, you know, this judge always just signs whatever I put in front of him. And so you may have had no, no good faith, but that that's impermissible. That's a sort of subjective question. Um, but it is relevant. All training and experience at the end of the day. It's a totality of the circumstances question. Um, so we certainly think it's relevant. Um, I much, Mr. Kingston, please. The court. Good morning, Your Honors. My name is Jeff Kinston, and I represent the United States elected to begin with probable cause for the search warrant affidavit, which we've been talking about. And there, I think the two most important facts in the affidavit are first that the officers arrested the defendant in possession of cocaine and a large amount of cash, meaning that they caught him in the act of committing a felony and second that only moments before the defendant had possessed that same cocaine inside the place to be searched. He was committing that same offense inside the house because officers watched him leave the house, get in the car, and then they stopped him and found the cocaine in his pockets. Now, of course, there are many other facts in the affidavit that show that even more is going on and that there's even greater connection to the place to be searched. The defendant had a long history of drug trafficking, both arrests and convictions. At the time of the search, he was currently on parole for cocaine trafficking. About nine months earlier, he had been stopped in a traffic stop, and a drug dog alerted on his car, and officers found $18,000 cash wrapped in rubber bands in the same manner that drug dealers bundle their money. So those facts show that... That was a long time before, though. I mean, that was quite a while. Yeah, so that was nine months before about... But the point is, is that that history shows an ongoing pattern of drug activity, and the defendant's arrest in possession of cocaine and the officer's other observations on the evening of the search show that that pattern continued all the way up to the time of the search. Now, the facts in the affidavit also drew a connection between that conduct and the place to be searched, and it did so in at least two ways. The first is that it describes factually the defendant coming and going from this... The same house on the night of the search in connection with his drug activity. Well, what about the in connection with? You're adding that. They certainly can see him a couple of times coming and going. How do we know in connection with the drug activity? Well, because he left the house immediately before he was stopped with the cocaine in his pockets, and he left the house and drove straight from... But it was a very small amount. It could have been a user amount even. Maybe he just was wandering around with cocaine in his pocket. So viewed on its own, I think that's correct. But of course, we look at affidavits in the totality of the circumstances, and those circumstances here include that the defendant is a recidivist drug dealer who's on parole for trafficking cocaine and is found just moments after this meeting with cocaine and a large amount of money in his pockets. So I think that would allow a reasonable judge to draw an inference, and only an inference is necessary. There doesn't have to be direct proof. So that would permit a reasonable inference that the defendant is engaging in an ongoing course of drug activity. I think that that makes us very similar to this court's decision in Yarborough. There, it's another drug case, and the warrant was for the defendant's girlfriend's house, her apartment. And so there's no issue about training experience or about do drug dealers typically keep evidence in their girlfriend's houses. The point there was that after two suspected drug transactions, the defendant drove to that house and was seen there on other occasions. And the fact that there was that connection between the suspected transactions and the place to be searched, the defendant, sufficed for probable cause. And now the second line of evidence that allowed a reasonable inference here is the nature of the defendant's activity. As I've already discussed, the affidavit allowed a reasonable inference that the defendant was engaging in drug trafficking. And this court has recognized time and again that it's just a matter of simple common sense that in the usual course, probable cause to arrest a person will often and usually justify probable cause to search that person's home. Well, we've drawn distinctions between probable cause to arrest and probable cause to search because search requires a link to the place. You can arrest a person, but there are all kinds of places people may have connections to. They may have their home, they may have their mother's home, they may have their girlfriend or boyfriend's home. But you can't possibly be arguing as soon as you have arrested somebody, probable cause now exists to search every location the person has visited in the last two weeks. Certainly, that's true, Your Honor. And we're not arguing for any... I just think this is... Of course, the district judge, whose take on this we certainly respect at least, even if we're not bound by it, thinks that this affidavit is pretty threadbare. He's willing to bail you on Leon, but there are a lot of logical lumps that you are jumping over in your argument that do not appear in the affidavit or the warrant. I take your point, and I certainly agree with your point earlier, that this could have been a better affidavit. As Mr. Henderson pointed out, at the end of the affidavit where it says, based on my training experience, I believe that more cocaine will be found there. I think that's probably not helpful for probable cause. It's boilerplate. What training experience? Certainly, I agree with you, Your Honor. I think this court's decision in Scott makes that clear, but at the same time, Scott upheld the warrant there. And I think Scott's actually instructive because Scott held... Scott disregarded the officer's reference to his training experience, but found based on other facts that were included in the warrant affidavit there, that they created a connection between the defendant's offense and the place to be searched. And I think this affidavit does the same here. It provides probable cause if the defendant is engaging in this drug trafficking conduct, and it also creates a connection between that conduct and the place to be searched. Now, the government doesn't have to provide direct evidence, or the affidavit doesn't have to provide direct evidence, as Mr. Henderson referred to earlier. Circumstantial evidence is perfectly fine, and this court said that repeatedly. And both the defendant coming and going from the house before and after the suspected drug transaction, and immediately the court . . . But the only reason it's a suspected drug transaction, he is who he is. He goes, somebody sits down in the car, they leave after five minutes. Maybe that . . . I mean, I've seen drug transactions that look like that, but it's thin. We don't know who any of these people are, right? Well, we don't know who the other person in the transaction was. We know who the defendant was and his history, and I think we know what was found in his house. I think this, you know, what if he just bought that amount, and that was his change? Then there would be no evidence to show that there were drugs in the house. Well, that is a possibility. Probable cause doesn't require ruling out other innocent explanations, and so the question before this court is, did the facts at least provide a substantial basis for the magistrate judge to draw a reasonable inference of a fair probability? And to go back to your point earlier, Judge Wood, that even if your honors disagree with our point about probable cause or think that it's arguable, the defendant still has to overcome the Leon good faith exception. And his burden there isn't just to show that in some respect this affidavit could have been better. Certainly it could have been. His burden is to show that a reasonable officer should have known that under the totality of the circumstances recounted in this case, it included the officers catching the defendant possessing cocaine after leaving his house, along with his history, along with the other observations in the night of the search. Whether an officer, whether it was so clear to an officer that that failed to establish probable cause, that the officer should have rejected the judge's finding. And I think really the defendant just can't meet that burden here. Instead, I think he focuses mostly on an ad hominem argument against Officer Lane in particular. I think legally that's misplaced because it's an objective standard. And really the key I think is that case law is equally available to all officers. So it really doesn't matter when a defendant's relying on case law which cases which officer was involved in. If we look at it the other direction . . . If a particular officer has been disciplined a number of times, that's a form of training perhaps. And I will say it's very clear that they don't find the four grams . . . 4.4 grams of cocaine on him until after the stop where the unknown male enters his car, stays for five minutes. So it seemed . . . I'm just not at all clear how we know that's a sale rather than a purchase. Looking at it alone, we don't know for sure. But the defendant's history, again he's a recidivist drug dealer who was on parole . . . Drug dealers never buy? I mean, surely. That doesn't . . . Again, I'm trying to find cocaine in the house. And if the unknown person who gets into the car sells him some cocaine that he didn't have before, we don't have much of a link to the house. Well, the link then is that between that transaction, the defendant returned to his house and then he left the house again and that's when cocaine was found in the pockets. And so I think that does make this case comparable to Yarbrough where after a suspected drug transaction, the defendant went to his girlfriend's apartment. And this court held that along with other observations of the defendant being there on other occasions, supported probable cause that evidence of that transaction would be found at the defendant's house. The other cases the defendant relies on in terms of the good faith exception, I think those really rely exclusively on informant statements. And so they're really not helpful here. This affidavit was predominantly based on the officer's own observations the night of the search as well as their own investigation into the defendant's background. And for all those reasons, I think the issuing judge was justified in finding probable cause. At the very least, the officers were entitled to rely on that finding. There are no other questions. Thank you, Your Honors. And we ask this court to affirm. All right. Thank you. Anything further, Mr. Henderson? Yes, Your Honor. I'll just address the government has repeatedly cited Yarbrough and characterized the involved suspected drug transactions. Actually, in Yarbrough, they were controlled buys. I mean, the officers knew that this was a drug transaction. The magistrate knew this was a drug transaction. We don't know what happened on Millman Street in this case. It might have been a drug sale. It might not have involved drugs at all. I mean, the person got into the car for five minutes. Might have been a sale. It might have been a purchase. Mr. Ware, there's no indication was Mr. Ware wearing the same coat where they recovered the drugs later. There's just there's no details that that's the main problem with this affidavit. And it's the problem that we've seen in affidavits in the past where the court has criticized detail free affidavits that rely only on training and experience. So even if we don't individualize this and take my friend's suggestions and look at all of these other cases, look at United States versus Scott, which before the search said you can't just say training and experience. That's the sort of thing that a well-trained officer ought to know and ought to know that if he submits an affidavit to a magistrate that only contains those sorts of bare conclusions that he's not complying with the Fourth Amendment and and won't be able to rely on a subsequently issued warrant. So we would ask that the court reverse the district court's decision. Thank you. All right. Thank you very much. Thanks to both counsel. The court will take the case under advisement.